J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Nicole L. Drey (SBN 250235)
*nicole@coombspc.com*
J. Andrew Coombs, A P.C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiff Twentieth
Century Fox Film Corporation

JS-6

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Twentieth Century Fox Film Corporation, ) Case No. CV10-821 JFW (PJWx)
)
                Plaintiff, ) JUDGMENT PURSUANT TO
) ENTRY OF DEFAULT
    v. )
)
John Hegedus, an individual and d/b/a )
www.geckodvds.com, and Does 1 – 10, )
inclusive, )
)
                Defendants. )

       This cause having come before this Court on the motion of Plaintiff Twentieth Century Fox Film Corporation ("Plaintiff") for entry of default judgment and permanent injunction ("Motion") against Defendant John Hegedus, an individual and d/b/a www.geckodvds.com ("Defendant");

       AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiff's Motion;

       AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Plaintiff is the owner or co-owner of all rights in and to, or has exclusive rights under the Copyright Act to, certain copyright registrations, including, but not limited to, the copyrights which are the subject of the registrations: *X-Men Origins: Wolverine* (PA 1-624-736), *Bride Wars* (PA 1-614-824), *Marley & Me* (PA 1-613-603), *The Secret Life of Bees* (PA 1-608-101), *Max Payne* (1-608-096), *Slumdog Millionaire* (PA 1-610-603), *What Happens in Vegas* (PA 1-596-298), and *The Wrestler* (PA 1-613-604) (collectively the "Plaintiff's Copyrights").

Plaintiff has complied in all respects with the laws governing copyrights and secured the exclusive rights and privileges in and to the Plaintiff's Copyrights.

The appearance and other qualities of the Plaintiff's Copyrights are distinctive and original.

Defendant engages in the unauthorized business of importing, distributing, promoting, selling and/or offering for sale unauthorized pirated Digital Versatile Discs ("DVDs") of Plaintiff's motion pictures featuring the Plaintiff's Copyrights ("Unauthorized Media Product").

Defendant's importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the Unauthorized Media Product was engaged in willfully and intentionally, without leave or license from Plaintiff, in violation of Plaintiff's rights in and to the Plaintiff's Copyrights.  The devices, emblems, and artwork on the Unauthorized Media Product are not just "confusingly similar" to the Plaintiff's Copyrights, they are identical.

The Court specifically finds that Plaintiff is the prevailing party for purposes of an award of reasonable attorneys' fees.  Plaintiff has instituted this action for an entirely proper and appropriate purpose, solely to vindicate and enforce compliance with its rights which have been knowingly and willfully infringed by Defendant and to recover for infringement of such rights.  Plaintiff's action was not brought frivolously.

In contrast, Defendant's infringing conduct is a clear and unmistakable violation of Plaintiff's rights. Defendant's conduct has been patently unreasonable and egregious, violating Plaintiff's rights by appropriating and featuring the Plaintiff's Copyrights on media products, when Defendant intended, or knew or should have known, that such infringing activity would likely injure Plaintiff's name and reputation, requiring Plaintiff to institute and prosecute this action, and incur fees and costs in so doing, in order to attempt to obtain Defendant's recognition and compliance with Plaintiff's rights. Considerations of appropriate compensation and adequate deterrence also militate in favor of granting Plaintiff an award of attorneys' fees, pursuant to 17 U.S.C. § 505.

The liability of the Defendant in the above-referenced action for his acts in violation of Plaintiff's rights is knowing and willful, and as such, the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. §§ 1331 and 1338.

2) Service of process was properly made on the Defendant.

3) Defendant has distributed, sold, and offered for sale unauthorized copies of Plaintiff's motion pictures which infringe upon the Plaintiff's Copyrights.

4) The Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing the Plaintiff's Copyrights, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, reproducing,

importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Plaintiff's Copyrights, and, specifically:

i) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale the Unauthorized Media Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of the Plaintiff's Copyrights;

b) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to the Plaintiff's Copyrights;

c) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

d) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5) Defendant is ordered to pay damages to Plaintiff pursuant to 17 U.S.C. § 504 in the sum of Two Hundred Thousand Dollars ($200,000.00).

6) Defendant is ordered to pay Plaintiff's attorneys' fees and costs in the amount of Seven Thousand Six Hundred Dollars ($7,600.00).

7) Defendant is ordered to pay interest on the principal amount of the judgment to Plaintiff at a statutory rate pursuant to 28 U.S.C. § 1961(a).

8)   The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment against Defendant.

DATED:   July 26, 2010   _____
                          Hon. John F. Walter
                          Judge, United States District Court,
                          Central District of California

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.


By: __/s Nicole L. Drey_____
     J. Andrew Coombs
     Nicole L. Drey
Attorneys for Plaintiff Twentieth
Century Fox Film Corporation